UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

FILED

SEP 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In Propria Persona

Arleigh Carrington-EL

USP Victorville

P.O.Box 5500

Adelanto, Ca.92301

| | | |
|---|---|---|
| Arleigh Carrington-EL ) | Case I | CASE NUMBER  1:06CV01699 |
| Complainant, ) | | JUDGE: Rosemary M. Collyer |
| v.                   ) | | DECK TYPE: FOIA/Privacy Act |
| U.S. DEPARTMENT OF JUSTICE) | | DATE STAMP: 09/29/2006 |
| ENVIRONMENT AND NATURAL, ) | | |
| RESOURCES DIVISION,  ) | | |
| DANIEL J. METCALFE,  ) | | |
| Director, etc.,al.   ) | | |
| Respondant.          ) | | |

## COMPLAINT
~~REQUISITE NOTICE OF EXHAUSTION~~

Comes now, Arleigh Carrington-EL, Complainant, [herein] avers under penalty of perjury of these United States that he has lawfully exhausted his administrative remedies prior to the filing of the instant complaint; therefore, granting the

RECEIVED

AUG 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

same right to jusdicial review pursuant to Title 5 U.S.C. Section 552 (a)(4)(B).

## STATEMENT OF THE CASE

1. The above respondent Daniel J. Metcalfe, Director of the Environment and Natural Resources Division of the United States Department of Justice has denied complainant his right to obtain portions of the administrative records[public records] as cited infra.

Heretofore, complainant hereby formally requests "judicial review" (as a matter of right) to obtain a copy of said administrative records secured by respondent; and/or in the interedt of finality and closure, a judicial finding of Nul Tiel record.

## STATEMENT OF THE FACTS

2. On the 17nd day of February 2006, Complainant submitted to respondent a request for documents/records, pursuant to Title 5 U.S.C. §§552 and 552(a).

3. The requested documents/records, supra, targeted the UNITED STATES GOVERNMENT's required acceptance of legislative federal criminal subject-matter jurisdiction [40 U.S.C. Sec. 255, cf. at Title 40 U.S.C. §3112] over seven(7) specified geographical locations within the State of Georgia, (1). 433 Cherry Street, Macon Georgia, 31204; (2) 1752 Second Street, Macon Georgia 31204; (3) 2492 Hillside Drive, Macon, Georgia 31201; (4) 1638 Telfare Lane, Macon, Georgia; 31201; (5) 707 Joe Louis Drive, Perry Georgia ; (6) Any building located on 300 block of Astor Street, Macon,

Georgia 31201; (7) 1769 Wren Avenue, Macon Georgia 31204

4. On April 14, 2006, the respondent released a response asserting the non-existence of such documents responsive to complaint request in the Evironment and Natural Resources Division (ENRD) as it is the Department of justice component responsible for providing guidance on the federal statute referred to in complainant's request. [see exhibit B]

5. On May 22,2006, Complainant timely appeal[see exhibit C].

6. On June 27, 2006, respondent released a response asserting the non-existence of records responsive to complainant's request in its files. Respondent further grants complainant a right to seek judicial review in accordance with Title 5 U.S.C. §552(a)(4)(B). [see exhibit dated July 13,2006].

8. Complainant avers herein under penalty of perjury respondent/agency is in possession of the above-requested administrative records, as this complainant possesses personal first-hand knowledge of federal prosecutions of felony-class offenses prosecuted within the territorial boundaries of the geographical location cited within his FOIA/PA request and within this complaint; the occurrence of which would be an impossibility without the strict statutory compliance codified at Titled 40 U.S.C. §255, cf. at 40 U.S.C. §3112.

ASSEVERATION UNDER 28 U.S.C. §1746 OR NOTARY RE RIGHT TO

REVIEW

9. I, Arleigh Carrington-El, hereinafter, "complainant" desposes and says: That complainant is entitled to judicial review, to wit:

(a) That Congress has enacted no statutes to preclude review in the above-captioned complaint;

(b) That the record sought by complainant are classified as public records.

ANALYSIS AND RELIEF REQUESTED

10. The complainant stated herein is attempting through due diligence and obligatory extensive administrative research to ascertain if a viable cause of action exists, as said action would present a constitutional first amendment redress.

11. Title 40 U.S.C. §255 states in relevant part: "Unless and until the United States has accepted jurisdiction over land hereafter to be acquired as aforesaid, it shall be conclusively presumed that no such jurisdiction has been accepted." [see exhibit, $D$]

12. As aforemaentioned, complainant possesses first-hand personal knowledge of federal government prosecution of felony class offense(s) within the territorial boundaries cited at paragraph [3] supra. In view of the above-referenced statutory requirement at paragraph 12, any reasonable minded person, acting reasonable, must therefore conclude that respondent agency must be in possession of such administrative record detailing either exclusive or concurrent legislative "acceptance" of jurisdiction over aforementioned location paragraph [___].

CONCLUSION

13. The Complainant avers that respondent agency action has adversly impaired his right to public administrative records. The Complainant herein is entitled to the release of said records and/or finality/closure in the form of a judicial finding of "Nul Tiel Record" (that said record/documents do not exist) requested supra.

Done this 13 Day of July, 2006

FURTHER SAYETH YOUR COMPLAINANT NAUGHT.

Arleigh Carrington-EL

In Propria Personam and by Special Appearance,

In Care of USP Victorville

(84529-020)

P.O.Box 5500

Adelanto, California, 92301

VERIFICATION

I, Arleigh Carrington-EL, deposes and says that he is the Complainant and maker of this complaint for review in the above name complaint; that he has read the foregoing matters therein stated on information and belief, and as to law, and as to those matters, he believes them to be ttrue and correct under the pain and penalty of perjury of thes United States of America.

*Arleigh Carrington-El* (signature)

Arleigh Carrington-EL

ASSEVERATION, IN COMPLIANCE WITH

28 U.S.C. §1746 (or) NOTARY PUBLIC



**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Law and Policy Section*  *Telephone (202) 514-1442*
*P.O. Box 4390*  *Facsimile (202) 514-4231*
*Ben Franklin Station*
*Washington, DC 20044-4390*

MAR 0 6 2006

Arleigh Carrington-El
Reg. 84529-020
U.S.P. Victorville
P.O. Box 5500
Adelento, CA 92301

FOIA No.: FOIA-2006-00004

Dear Mr. Carrington-El:

The Environment and Natural Resources Division received your Freedom of Information Act (FOIA) request on February 22, 2006 for records concerning federal legislative jurisdiction over land in Macon, Georgia.

Under the Department's FOIA regulations, found at 28 C.F.R. 16.3(c), by filing a FOIA request, you have agreed to pay all applicable costs up to $25.00. Our response letter will detail any fees owed as a result of your request; please do not send any payment now. If you need information on fee waiver criteria, believe you have met the requirements for a fee waiver, at 28 C.F.R. 16.11(k), or do not agree to pay fees up to $25.00, please contact us as soon as possible.

Please contact me at 202-514-0424 with any questions.

Sincerely,

Nadia Rhazi
Paralegal Specialist

06 1699
FILED

SEP 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

February 17,2006

Arleigh Carrington-EL

84529-020

Victorville

P.O.Box 5500

Adelanto, Ca.[92301]


Judy Harvey, Paralegal Specialist

Environment and Natural Resources Div.

Department of Justice

P.O.Box 4390

Ben Franklin Station

Washington, DC.20044-4390

Dear Judy Harvey,

   Please place this FOIA request in track one or two pursuant to U.S.C. Sec. 552(a)(6)(E) of FOIA.

   I'm requesting a copy of "the United States Government's Letter of Acceptance" accepting legislative or Exclusive Jurisdiction ceded by the State of Georgia over the tract of Land located at:

   (1) 433 Cherry Street
      Macon Georgia, 31202

   I am requesting a copy of the United States Government's

Notice/Letter of Acceptance of Legislative or Exclusive Jurisdiction filed by the United States accepting said jurisdiction over land herein ceded by the State of Georgia. Also, any other information relevant to this request regarding the cession of Exclusive or Legislative Jurisdiction by the State of Georgia which specifies or mentions the type, manner or extent of Jurisdiction ceded by the State of Georgia over the land herein.

Pursuant to Title 40 U.S.C. §255 now codified at 40 U.S.C. Sec. 3112, or Art. 1. Sec. 8 Cl. 17 of the United States Constitution.


Date February17,2006


                                Sincerely Requested.
                                Arleigh Carrington-EL

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Law and Policy Section*  *Telephone (202) 514-1442*
*P.O. Box 4390*  *Facsimile (202) 514-4231*
*Ben Franklin Station*
*Washington, DC 20044-4390*


Arleigh Carrington-El
Reg. 84529-020
U.S.P. Victorville                          APR 1 4 2006
P.O. Box 5500
Adelento, CA 92301


FOIA No.: FOIA-2006-00058

Dear Mr. Carrington-El:

This letter responds to your Freedom of Information Act (FOIA) request for records concerning federal legislative jurisdiction over several tracts of land in Macon, Georgia. On February 22, 2006, the Environment and Natural Resources Division (ENRD) received your request concerning one address in Macon, Georgia. On April 11, 2006, we received a second request from you concerning federal legislative jurisdiction over six addresses in Macon, Georgia. Because your two requests are concerning the same subject matter, we have aggregated them together and are here responding to both. See 28 CFR 16.11(h).

We have conducted a search of this Division's files and have located no documents responsive to your requests. Please note that the presence or absence of the records you requested in this Division's files does not indicate the existence or non-existence of federal legislative jurisdiction over a site.

This determination may be appealed within sixty days of the date of this letter by writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, DC 20530-0001. You should clearly mark your envelope and letter: "Freedom of Information Appeal." See 28 C.F.R. 16.9(a) and 5 U.S.C. 552(a)(6)(A).

The cost of processing your request did not exceed our minimum billing threshold, so you will not be charged for this request.

If you need any further assistance, please contact Nadia Rhazi at (202) 514-0424.

Sincerely,

Pauline H. Milius
Chief


*Exhibit B*

March 15,2006

Arleigh Carrington-EL

84529-020

Victorville USP

P.O.Box 5500

Adelanto, CA.[92301]

FOIA No: FOIA-2006-00004

Judy Harvey, Paralegal Specialist

Environment and Natural Resources Div.

Department of Justice

P.O.Box 4390

Ben Franklin Station

Washington, DC.20044-4390

Dear Judy Harvey,

Please place this FOIA request in track one or two pursuant to 5 U.S.C. Sec. 552(a)(6)(E) of FOIA.

I'm requesting a copy of "the United States Government's Notice of Acceptance" accepting Legislative or Exclusive jurisdiction ceded by the State of Georgia over the tracts of Land located at:

   (1) 1752 Second Street

       Macon, Georgia. 31201

   (2) 2492 Hillside Drive

       Macon, Georgia. 31201

(3) 1638 Telfare Lane

   Macon, Georgia. 31201

(4) 707 Joe Louis Drive

   Perry, Georgia.

(5) Any building located on 300

   block of Astor Street

   Macon, Georgia

(6) 1769 Wren Avenue

   Macon, Georgia. 31204

Again, I am requesting a copy of the United States Government's Notice of Acceptance of Legislative or Exclusive jurisdiction filed by the United States accepting said jurisdiction over land herein ceded by the State of Georgia. Also, any other information relevant to this request regarding the cession of Exclusive or Legislative jurisdiction by the State of Georgia which specifies or mentions the type, manner or extent of jurisdiction ceded by the State of Georgia over the lands herein.

Pursuant to Title 40 U.S.C. 255 now codified at 40 U.S.C. Sec. 3112, or Art. 1 Sec. 8, Cl. 17 of the United States Constitution.

Date_____,____2006

                              Sincerely requested,

                              Arleigh   Carrington-EL

U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642          Washington, D.C. 20530

MAY 3 1 2006

Mr. Arleigh Carrington-El
Register No. 84529-020
United States Penitentiary
P.O. Box 5500
Adelanto, CA 92301

    Re:  Request No. 2006-0058

Dear Mr. Carrington-El:

    This is to advise you that your administrative appeal from the action of the Environment and Natural Resources Division was received by this Office on May 22, 2006.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-2086**. Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                                      Sincerely,

                                      Priscilla Jones
                                      Chief, Administrative Staff

Arleigh Carriington-EL

84529-020

c/o P.O.Box 5500

Adelanto, California [923301]


FOIA No. FOIA-2006-00058


Co-Director,

Office of Information and Privacy

U.S. Department of Justice,

1425 New York Avenue, NW, Suite 11050

Washington D.C. 20530-0001


Re: "FOIA No. FOIA-2006-00058

   FREEDOM OF INFORMATION ACT APPEAL


Date: May 10,2006


Dear Co-Director:

   This appeal is in regards to the response I received on April 19,2006, dated April, 14,2006 from Pauline H. Milus, Chief of the U.S. Department of Justice, Enviroment and Natural Resources Division.

   In a letters dated February 14,2006 and another dated March 14,2006, I resquested specific documentations in re to the "U.S. Government's Acceptance of legislative jurisdiction" over the property located at the following areas locations: (1) 433 Cherry Street, Macon Georgia; (2) 1752 Second Street Macon Georgia, 31204; (3) 2492 Hillside

Drive Macon, Georgia. 31201; (4) 1638 Telfare Lane, Macon Georgia, 31201; (5) 707 Joe Louis Drive, Perry, Georgia; (6) Any building located on the 300 Block of Astor Sreet, Macon, Georgia 31201; (7) 1769 Wren Avenue, Macon, Georgia 31204. pursuant to Title 40 U.S.C. §255.

According to Pauline H Milius Chief of the Office of Law and Policy  Section they have conducted a search of that Division's files and have located no documents responsive to my request." There is just no way that these documents can not be located. I am very much persuaded and have  compeling reasons to believe that these documents exist and are within the Environment and Natural Resources Division files. However, I am appealing that response and determination to this department with the belief that a more thorough search of the files will yield a favorable reply that is responsive to my request (40 U.S.C. § 255), and I am requesting full disclosure of said records to me forthwith.

                              Sincerely,

                              Arleigh Carrington_EL

U.S. Department of Justice

Office of Information and Privacy

---

Telephone: (202) 514-3642          Washington, D.C. 20530

**JUN 2 7 2006**

Mr. Arleigh Carrington-El
Register No. 84529-020
United States Penitentiary        Re:    Appeal No. 06-2086
Post Office Box 5500              Request No. 2006-00058
Adelanto, CA 92301               KDC:ALB:CL

Dear Mr. Carrington-El:

     You appealed from the action of the Environment and Natural Resources Division (ENRD) on your request for access to records pertaining to the federal government's jurisdiction over several addresses in Macon, Georgia.

     After carefully considering your appeal, I am affirming ENRD's action on your request. ENRD informed you that it could locate no responsive records in its files. I have determined that ENRD's response was correct.

     If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B.

Sincerely,

Daniel J. Metcalfe
Director

| 87 LED 1421, 319 US 312  ADAMS v. UNITED STATES |
|---|

RICHARD PHILIP ADAMS, John Walter Brodenave and Lawrence Mitchell,
vs.
UNITED STATES OF AMERICA and John S. Ryan, Warden.

[87 L Ed 1421] (319 US 312-315.)

[No. 889.]

Argued May 10, 1943.  Decided May 24, 1943.

HEADNOTES

Classified to U.S. Supreme Court Digest, Lawyers' Edition

**Courts, § 748 - Federal - criminal jurisdiction.**

1. Unless and until notice of acceptance of jurisdiction has been given, Federal courts are without jurisdiction to punish under criminal laws of the United States an act committed on lands acquired by the United States, where the applicable statute (Act of Oct. 9, 1940, 40 USC § 255) provides that United States agencies and authorities may accept exclusive or partial jurisdiction over lands acquired by the United States by filing notice with the governor of the state, or by taking other similar appropriate action, and that unless and until the United States has so accepted jurisdiction it shall be conclusively presumed that no such jurisdiction has been accepted.

**Statutes, § 155 - administrative construction - force.**

2. The views of governmental agencies co-operating in developing a statute as to its interpretation are entitled to great weight in construing it.

**Courts, § 748 - Federal criminal jurisdiction - effect of state statute authorizing.**

3. That state statutes authorize the United States to take jurisdiction over land acquired by the United States within the state cannot confer jurisdiction upon Federal courts to punish under criminal laws of the United States an act committed thereon, where at the time of the alleged offense notice of acceptance of jurisdiction contemplated by the Act of Oct. 9, 1940, 40 USC § 255, had not been given.

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Exhibit D*

ON CERTIFICATE from the United States Circuit Court of Appeals for the Fifth Circuit, certifying questions stated in the opinion.

*Held:*

First question answered in the affirmative; the second in the negative.

## APPEARANCES OF COUNSEL ARGUING CASE

*Thurgood Marshall,* of New York City, argued the cause, and, with William H. Hastie, of Washington, D.C., W. Robert Ming, Jr., of Chicago, Illinois, Joseph Thornton, of New Orleans, Louisiana, and Milton R. Konvitz, of Newark, New Jersey, filed a brief for Richard Philip Adams et al.:<*pg. 1422>

Revised Statute, § 355, as amended February 1, 1940 (40 USCA § 255, 9A FCA title 40, § 255) provides that the United States shall obtain "exclusive or partial" jurisdiction over lands only by filing an acceptance of such jurisdiction with the appropriate state authority. Since no acceptance was filed, the United States did not have jurisdiction over the land upon which the crime was alleged to have been committed.

The District Court did not have jurisdiction to try and sentence the appellants for the offense of rape.

*Robert L. Stern,* of Washington, D.C., argued the cause, and, with Solicitor General Fahy, Assistant Attorney General Wendell Berge, Special Assistant to the Attorney General Oscar A. Provost, and W. Marvin Smith, also of Washington, D.C., filed a brief for the United States et al.:

The United States had not accepted jurisdiction over the lands upon which the crime was committed and therefore the District Court was without jurisdiction to try and sentence the defendants.

Revised Statute § 355, as amended February 1, 1940, 40 USCA § 255, 9A FCA title 40, § 255, has been interpreted to reach cases of concurrent jurisdiction by the agencies of the Government which have authority over the land in question in this case.

## OPINION

Mr. Justice Black delivered the opinion of the Court:

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

The Circuit Court of Appeals for the Fifth Circuit has certified to us two questions of law pursuant to § 239 of the Judicial Code, 28 USCA § 346, 8 FCA title 28, § 346. The certificate shows that the three defendants were soldiers and were convicted under 18 USCA §§ 451, 457, 7 FCA title 18, §§ 451, 457, in the federal District Court for the Western District of Louisiana, for the rape of a civilian woman. The alleged offense occurred within the confines of Camp Claiborne, Louisiana, a government military camp, on land to which the government had acquired title at the time of the crime. The ultimate question is

[319 US 313]

whether the camp was, at the time of the crime, within the federal criminal jurisdiction.

The Act of October 9, 1940, 40 USCA § 255, 9A FCA title 40, § 255, passed prior to the acquisition of the land on which Camp Claiborne is located, provides that United States agencies and authorities may accept exclusive or partial jurisdiction over lands acquired by the United States by filing a notice with the Governor of the state on which the land is located or by taking other similar appropriate action. The Act provides further: "Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforesaid, it shall be conclusively presumed that no such jurisdiction has been accepted." The government had not given notice of acceptance of jurisdiction at the time of the alleged offense.[1]

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.