UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARLEIGH CARRINGTON-EL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06cv1699 (RMC) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE ENVIRONMENT AND | ) | |
| NATURAL RESOURCES DIVISION, | ) | |
| DANIEL J. METCALFE, Director, | ) | |
| Office of Information and Privacy | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants United States Department of Justice, Environment and Natural Resources

Division ("ENRD") and the Office of Information and Privacy ("OIP"), by and through

undersigned counsel, respectfully move this Court for summary judgment because there are no

material issues of fact and defendants are entitled to judgment as a matter of law.  Fed. R. Civ. P.

56(c).  In support of this motion, Defendants refer the Court to the attached memorandum of

points and authorities, statement of material facts not in genuine dispute, and the declaration of

Andrea Armstrong.

*Pro Se* Plaintiff should take notice that any factual assertions contained in the affidavit

and other attachments in support of defendants' motion will be accepted by the Court as true

unless the plaintiff submits his own affidavits or other documentary evidence contradicting the

assertions in the defendants' attachments.  See <u>Neal v. Kelly</u>, 963 F.2d 453 (D.C. Cir. 1992),

Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

A statement of material facts not genuinely in dispute and draft order are also filed herewith.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
555 4TH Street, N.W. - Room E 4112
Washington, D.C. 20530
(202) 307-0338

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARLEIGH CARRINGTON-EL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06cv1699 (RMC) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE ENVIRONMENT AND | ) | |
| NATURAL RESOURCES DIVISION, | ) | |
| DANIEL J. METCALFE, Director, | ) | |
| Office of Information and Privacy | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

Defendants, through counsel, respectfully submit this memorandum of points and authorities in support of its motion for summary judgment.

**SUMMARY**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Plaintiff's FOIA requests to the Environment and Natural Resources Division of the United States Department of Justice ("ENRD"). The requests at issue here seek records relating to the United States Government's "required acceptance of legislative federal criminal subject-matter jurisdiction [40 U.S.C. Sec. 255, cf. at Title 40 U.S.C. § 3112] over seven (7) specified geographical locations within the State of Georgia . . ." See Complaint at ¶ 3. Specifically, Plaintiff refers to the following locations: (1) 433 Cherry Street, Macon, Georgia 31204; (2) 1752

Second Street, Macon, Georgia 31204; (3) 2492 Hillside Drive, Macon, Georgia 31201; (4) 1638

Telfare Lane, Macon, Georgia 31201; (5) 707 Joe Louis Drive, Perry, Georgia; (6) any building

located on the 300 block of Astor Street, Macon, Georgia 31201; and (7) 1769 Wren Avenue,

Macon, Georgia 31204.  See id.  The ENRD sent letters to Plaintiff stating that it did not have

documents responsive to Plaintiff's request.  Plaintiff's challenge should be denied and summary

judgment granted to defendants.

## FACTUAL BACKGROUND

The relevant facts are contained in the attached Statement of Material Facts Not in

Genuine Dispute.

## ARGUMENT

### A.    Legal Standards

Where no genuine dispute exists as to any material fact, summary judgment is required.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one

that would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party

may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of

evidence to support the non-moving party's case."  Sweats Fashions, Inc. v. Pannill Knitting Co.,

Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere

allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid

summary judgment, the Plaintiff must present some objective evidence that would enable the

court to find he is entitled to relief.  In Celotex Corp. v. Catrett, the Supreme Court held that, in

responding to a proper motion for summary judgment, the party who bears the burden of proof on

an issue at trial must "make a sufficient showing on an essential element of [his] case" to

establish a genuine dispute.  477 U.S. 317, 322-23 (1986).

In Anderson the Supreme Court explained under what circumstances summary judgment

is appropriate:

> If the evidence is merely colorable, . . . or is not significantly
> probative, . . . summary judgment may be granted . . . [T]he mere
> existence of a scintilla of evidence in support of the Plaintiff's
> position will be insufficient; there must be evidence on which the
> jury could reasonably find for the Plaintiff.

Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir.  1987)

(the non-moving party is "required to provide evidence that would permit a reasonable jury to

find" in its favor).  In Celotex, the Supreme Court further instructed that the "[s]ummary

judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an

integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and

inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are

typically decided on motions for summary judgment.[1]  See Cappabianca v. Commissioner, U.S.

Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly

identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige

v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).  In a FOIA suit an agency is entitled to summary

---

[1]  For purposes of summary judgment, an agency's decision to withhold information from
a FOIA requester is subject to de novo review by the courts.  Hayden v. National Security
Agency Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937
(1980).

3

judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. <u>Students Against Genocide v. Dept. of State</u>, 257 F.3d 828, 833 (D.C. Cir. 2001); <u>Weisberg v. U.S. Dept. of Justice</u>, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the Plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure. <u>Hayden v. National Security Agency Cent. Sec. Serv.</u>, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), <u>cert. denied</u>, 446 U.S. 937 (1980); <u>Church of Scientology v. U.S. Dept. of Army</u>, 611 F.2d 738, 742 (9th Cir. 1980). Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] "when the affidavits describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" <u>Trans Union LLC v. Federal Trade Commission</u>, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (<u>quoting</u> <u>Military Audit Project v. Casey</u>, 656 F.2d 724, 738 (D.C. Cir. 1981)); <u>see also</u> <u>Public Citizen, Inc. v. Dept. of State</u>, 100 F. Supp. 2d 10, 16 (D.D.C. 2000); <u>McGhee v. Central Intelligence Agency</u>, 697 F.2d 1095, 1102 (D.C. Cir. 1983); <u>Citizens Commission on Human Rights v. FDA</u>, 45 F.3d 1325, 1329 (9th Cir. 1995); <u>Bowen v. FDA</u>, 925 F.2d 1224, 1227 (9th Cir. 1991). When the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant. <u>Perry v. Block</u>, 684 F.2d 121 (D.C. Cir. 1982).

4

**B.      The ENRD Conducted An Adequate Search for Responsive Records.**

The agency's burden is to establish that it has conducted a search reasonably calculated to uncover all responsive records.[2]  Weisberg v. Department of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  The issue is not whether there might possibly exist other records responsive to the request, but whether the search for responsive records was reasonable.  Id.  The agency can establish the reasonableness of its search by affidavits if they are relatively detailed, non-conclusory, and made in good faith.  Weisberg, 745 F.2d at 1485.  Summary judgment is appropriate where the agency submits  a "'reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched,'" unless "a review of the record raises substantial doubt" about the adequacy of the search.  Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999), quoting Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

The FOIA does not require that an agency search every division or field office in response to a FOIA request when responsive documents are likely to be located in one place.  Marks v. Dep't of Justice, 578 F.2d 261, 263 (9th Cir. 1978).  "When a request does not specify the locations in which an agency should search, the agency has discretion to confine its inquiry to a central filing system if additional searches are unlikely to produce any marginal return; in other words, the agency generally need not 'search every record system.'"  Campbell v. United States

---

[2]  An agency must respond to a FOIA request only if it "reasonably describes" the records it seeks.  5 U.S.C. § 552(a)(3)(A).  A request meets this standard only if a professional agency employee familiar with the subject area is able to locate the requested records with a "reasonable amount of effort."  H.R. Rep. No. 93-876, at 6 (1974), reprinted in 1974 U.S.C.C.A.N. 6271.

Dep't of Justice, 164 F.3d 20, 28 (D.C. Cir. 1998), quoting Oglesby, 920 F.2d at 68.  "The

agency is not required to speculate about potential leads" to the location of responsive

documents, Kowalczyk v. Department of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996), although it

is required "to follow through on obvious leads to discover requested documents."  Valencia-

Lucena, 180 F.3d at 325.  "Mere speculation that as yet uncovered documents may exist does not

undermine the finding that the agency conducted a reasonable search for them."  Safecard Serv.,

Inc. v. Securities & Exch. Comm'n, 926 F.2d 1197, 1201 (D.C. Cir. 1991).

      With respect to the records Plaintiff seeks, the Law and Policy Section of ENRD

maintains ENRD's files specifically concerning legislative jurisdiction determinations (these

determinations involve the ceding of land between states and the federal government).  See

Declaration of Andrea Armstrong ("Armstrong Decl.") at ¶ 7.  These files consist of

approximately three file cabinet drawers located in ENRD's Law and Policy Section in the Main

Justice Building, 950 Pennsylvania Ave., N.W., Washington, DC.  See id.  These files are

maintained by the Law and Policy Section and are the sole repository of ENRD documents

pertaining to legislative jurisdiction determinations.  See id. ENRD does not have an electronic

database for such documents.  See id.

      Here, the ENRD conducted a reasonable search for responsive records and found none.

See Armstrong Decl. at ¶¶ 7-14.  Specifically, in response to Plaintiffs requests, Nadia Rhazi, a

former paralegal specialist at ENRD, thoroughly searched these ENRD files and found no

responsive documents.  See Armstrong Decl. at ¶¶ 6, 8.  Upon learning that Plaintiff had filed

suit in this Court, Ms. Rhazi conducted an additional thorough search of all legislative

jurisdiction files maintained by the Law and Policy Section, and found no responsive documents.

See id. at ¶ 12.  Lastly, Ms. Andrea Armstrong, who replaced Ms. Rhazi, thoroughly searched

ENRD files and found no responsive documents.  See id. at ¶ 13-14.

      **C.     ENRD's Declaration Is Sufficient.**

      ENRD has submitted in support of this motion the declaration of Andrea Armstrong.  Ms.

Armstrong is a paralegal specialist with the Law and Policy Section of the ENRD of the U.S.

Department of Justice.  See Armstrong Decl. at ¶ 1.  In this capacity, her responsibilities include

the processing of incoming requests received by ENRD under the Freedom of Information Act, 5

U.S.C. § 552 ("FOIA"), searching for documents responsive to FOIA requests, and coordinating

the response by ENRD to FOIA requests.  See id.  She has been serving in this capacity for 3

months.  See id.  The statement contained in her declaration are made on the basis of her review

of the official files and records of ENRD, her own personal knowledge, and/or on the basis of

information acquired by her through the performance of my official duties.  See id. at ¶ 2.

      In describing ENRD's response to Plaintiff's request, Ms. Armstrong's declaration is

sufficiently detailed and non-conclusory and provides the court with an adequate basis for review

of ENRD's response to Plaintiff's request.  There is no evidence of bad faith by the agency.

      **D.     Summary Judgment Is Appropriate For Plaintiff's Claims Against The
            ENRD Because No Responsive Records Exist.**

      Here, the agency carried its burden to show that it conducted a search reasonably

calculated to uncover all responsive records.  See Armstrong Decl. at ¶¶ 8, 12-15; see Weisberg,

745 F.2d at 1485; Perry v. Block, 684 F.2d at 126.  That is all that is required.  Kuffel v. United

States Bureau of Prisons, 882 F. Supp. 1116, 1120-21 (D.D.C. 1995)(no jurisdiction exists over

claims where agency conducted good faith, reasonable search and found no responsive

7

documents); Bartlett v. United States Dep't of Justice, 867 F. Supp. 314, 316 (E.D. Pa. 1994).

When a FOIA request is pending, the agency is only able or obligated to release material that it

actually has.  See Maynard, 986 F.2d at 564 ("The fact that a document once existed does not

mean that it now exists; nor does the fact that an agency created a document necessarily imply

that the agency has retained it.").   Because Plaintiff cannot receive documents that do not exist,

judgment should be entered in favor of the Defendants.

## CONCLUSION

_____For the foregoing reasons, Defendants respectfully request entry of summary judgment.

A proposed order setting forth the relief requested is attached.

Respectfully submitted,

_____s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____s/_____
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that, on October 30, 2006, I served a copy of the foregoing

Defendants' Motion for Summary Judgment, a supporting memorandum, and a proposed Order

by first class mail, postage pre-paid, to the following:


        Arleigh Carrington-El
        USP Victorville
        P.O. Box 5500
        Adelanto. CA 92301


                _____
                KAREN L. MELNIK, D.C. Bar #436452
                Assistant United States Attorney
                Civil Division
                555 4th Street, N.W.
                Washington, D.C.  20530
                (202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARLEIGH CARRINGTON-EL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06cv1699 (RMC) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE ENVIRONMENT AND | ) | |
| NATURAL RESOURCES DIVISION, | ) | |
| DANIEL J. METCALFE, Director, | ) | |
| Office of Information and Privacy | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

       Pursuant to Local Rule 7(h), Defendants respectfully submit this statement of material facts as to which it contends there is no genuine dispute.

1.      On February 22, 2006, ENRD received a letter from Mr. Arleigh Carrington-El ("Requester"), pursuant to FOIA, requesting "the United States Government's letter of acceptance of the State of Georgia cession of legislative Jurisdiction [for one address in Macon, Georgia] pursuant to Title 40 U.S.C. Sec. 255 now codified at 40 U.S.C. Sec. 3112." ("Request 1").  See Declaration of Andrea Armstrong ("Armstrong Decl.") at ¶ 3 and Exhibit A thereto.

2.      On April 11, 2006, ENRD received a second letter from the Requester concerning "a copy of the 'United States Government's Notice of Acceptance' accepting Legislative or Exclusive jurisdiction ceded by the State of Georgia over the tracts of land located at

[six addresses in Macon, Georgia]" ("Request 2")  <u>See</u> Armstrong Decl. at ¶ 4 and Exhibit B thereto.

3. Request 1 and Request 2 were concerning the same subject matter and were therefore aggregated under FOIA (hereinafter "Request").  <u>See</u> Armstrong Decl. at ¶ 5; 28 CFR 16.11(h).

4. On March 6, 2006, Nadia Rhazi, a former paralegal specialist of ENRD, sent a letter to Requester to notify him that ENRD had received the Request.  <u>See</u> Armstrong Decl. at ¶ 6 and Exhibit C thereto.

5. The Law and Policy Section in ENRD maintains ENRD's files specifically concerning legislative jurisdiction determinations (these determinations involve the ceding of land between states and the federal government).  <u>See</u> Armstrong Decl. at ¶ 7.  These files consist of approximately three file cabinet drawers located in ENRD's Law and Policy Section in the Main Justice Building, 950 Pennsylvania Ave., N.W., Washington, DC. <u>See id.</u>  These files are maintained by the Law and Policy Section and are the sole repository of ENRD documents pertaining to legislative jurisdiction determinations. ENRD does not have an electronic database for such documents.  <u>See id.</u>

6. In response to the Request, Nadia Rhazi thoroughly searched these ENRD files and found no responsive documents.  <u>See</u> Armstrong Decl. at ¶ 8.

7. By letter of April 14, 2006, ENRD informed Requester that ENRD had conducted a search of ENRD's files, and located no records responsive to the Request.  <u>See</u> Armstrong Decl. at ¶ 9 and Exhibit D thereto.

8. By letter of May 31, 2006, to Requester, the US Department of Justice Office of

Information and Privacy ("OIP") informed ENRD that OIP had received on May 22, 2006, an appeal by Requester from ENRD's April 14, 2006, response to the Request.  <u>See</u> Armstrong Decl. at ¶ 10 and Exhibit E thereto.

9.      By letter dated June 27, 2006, OIP informed Requester that OIP determined that ENRD's response to the Request was correct.  <u>See</u> Armstrong Decl. at ¶ 11 and Exhibit E thereto.

10.     Upon learning that Requester had filed suit in the U.S. District Court for the District of Columbia requesting judicial review of ENRD's response to the Request, Nadia Rhazi, a former paralegal specialist at ENRD, conducted an additional thorough search of all legislative jurisdiction files maintained by the Law and Policy Section.  <u>See</u> Armstrong Decl. at ¶¶ 6, 12.  Ms. Rhazi found no documents responsive to the Request.  <u>See</u> <u>id.</u> at ¶ 12.

11.     On October 10, 2006, ENRD received Plaintiff's Complaint.  <u>See</u> Armstrong Decl. at ¶ 13.  Upon receiving this notice, Ms. Armstrong thoroughly searched ENRD files and found no responsive documents.  <u>See</u> <u>id.</u> at ¶ 14.

Respectfully submitted,


       s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


       s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

3

_____s/_____

KAREN L. MELNIK, D.C. BAR # 436451
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARLEIGH CARRINGTON-EL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06cv1699 (RMC) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE ENVIRONMENT AND | ) | |
| NATURAL RESOURCES DIVISION, | ) | |
| DANIEL J. METCALFE, Director, | ) | |
| Office of Information and Privacy | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER**

UPON CONSIDERATION of Defendant's motion for summary judgment, the grounds

stated therefor, any opposition thereto, and the entire record herein, it is on this ___ day of

_____, hereby:

ORDERED that Defendant's motion should be and hereby is GRANTED; and it is

FURTHER ORDERED that this case is hereby DISMISSED WITH PREJUDICE.


_____
UNITED STATES DISTRICT JUDGE

cc:

Karen L. Melnik
Assistant U.S. Attorney
United States Attorney's Office
Judiciary Building, Rm. E 4112
555 Fourth Street, N.W.
Washington, D.C.  20530

Arleigh Carrington-El
USP Victorville
P.O.Box 5500
Adelanto. CA 92301

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARLEIGH CARRINGTON-EL )
)
Plaintiff, )
)
v. )    Civil Action No. 1:06-CV–01699-RMC
)
UNITED STATES DEPARTMENT OF )
JUSTICE ENVIRONMENT AND )
NATURAL RESOURCES DIVISION, and )
DANIEL J. METCALFE, director, Office )
of Information and Privacy )
)
)
Defendants. )
_____ )

DECLARATION OF ANDREA ARMSTRONG

I, Andrea Armstrong, declare the following to be a true and correct statement of facts, to

the best of my knowledge and belief:

1)    I am a Paralegal Specialist with the Law and Policy Section of the Environment

and Natural Resources Division ("ENRD") of the U.S. Department of Justice.  In this capacity,

my responsibilities include the processing of incoming requests received by ENRD under the

Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), searching for documents responsive to

FOIA requests, and coordinating the response by ENRD to FOIA requests.  I have been serving

in this capacity for 3 months.  In 2006, I received a Bachelor of Science degree, cum laude, from

Cornell University.

2)    The statements I make here are made on the basis of my review of the official files

and records of ENRD, my own personal knowledge, and/or on the basis of information acquired by me through the performance of my official duties.

3)    On February 22, 2006, ENRD received a letter from Mr. Arleigh Carrington-El ("Requester"), pursuant to FOIA, requesting "the United States Government's letter of acceptance of the State of Georgia cession of legislative Jurisdiction [for one address in Macon, Georgia] pursuant to Title 40 U.S.C. Sec. 255 now codified at 40 U.S.C. Sec. 3112." See Exhibit A ("Request 1").

4)    On April 11, 2006, ENRD received a second letter from the Requester concerning "a copy of the 'United States Government's Notice of Acceptance' accepting Legislative or Exclusive jurisdiction ceded by the State of Georgia over the tracts of land located at [six addresses in Macon, Georgia]." See Exhibit B ("Request 2").

5)    Request 1 and Request 2 were concerning the same subject matter and were therefore aggregated under FOIA (hereinafter "Request"). See 28 CFR 16.11(h).

6)    On March 6, 2006, Nadia Rhazi, a former paralegal specialist of this office, sent a letter to Requester to notify him that ENRD had received the Request. See Exhibit C.

7)    The Law and Policy Section in ENRD maintains ENRD's files specifically concerning legislative jurisdiction determinations (these determinations involve the ceding of land between states and the federal government). These files consist of approximately three file cabinet drawers located in ENRD's Law and Policy Section in the Main Justice Building, 950 Pennsylvania Ave., N.W., Washington, DC. These files are maintained by the Law and Policy Section and are the sole repository of ENRD documents pertaining to legislative jurisdiction determinations. ENRD does not have an electronic database for such documents.

8)    In response to the Request, Nadia Rhazi thoroughly searched these ENRD files and found no responsive documents.

9)    By letter of April 14, 2006, ENRD informed Requester that ENRD had conducted a search of ENRD's files, and located no records responsive to the Request. <u>See</u> Exhibit D.

10)    By letter of May 31, 2006, to Requester, the US Department of Justice Office of Information and Privacy ("OIP") informed ENRD that OIP had received on May 22, 2006, an appeal by Requester from ENRD's April 14, 2006, response to the Request. <u>See</u> Exhibit E.

11)    By letter dated June 27, 2006, OIP informed Requester that OIP determined that ENRD's response to the Request was correct. <u>See</u> Exhibit F.

12)    Upon learning that Requester had filed suit in the U.S. District Court for the District of Columbia requesting judicial review of ENRD's response to the Request, Nadia Rhazi conducted an additional thorough search of all legislative jurisdiction files maintained by the Law and Policy Section. Once again, she found no documents responsive to the Request.

13)    On October 10, 2006, ENRD received Plaintiff's Complaint via facsimile notice, from Karen Melnik of the United States Attorneys Office in Washington, DC.

14)    Upon receiving this notice, I thoroughly searched ENRD files and found no responsive documents.

15)    Each step in the handling of the Request has been entirely consistent with ENRD procedures for responding to requests under FOIA.

- 3 -

I declare under penalty of perjury that the foregoing is true and correct, to the best of my

knowledge and belief.

Executed on _____October 24_____, 2006

Andrea Armstrong
Paralegal Specialist

- 4 -

# Exhibit A

Arleigh Carrington-El

Reg. 84529-020

U.S.P Victorville

P.O.Box 5500

Adelento Ca. 92301


Judy Harvey, Pralegal Specialist

Law and policy Section

Environment and Natural Resources Division,

Department of Justice

P.O.Box. 4390

Ben Franklin Station

Washington, DC. 20044-4390


Dear Judy Harvey, Paralegal Specialist,

Please place this FOIA request in track one or two pursuant to subsection (a)(6)(e) of the FOIA.

I am requesting a copy of the following documentation specifically, the United States Government's letter of acceptance of the State of Georgia cession of legislative Jurisdiction over the tracts of land located at:

(1) 433 Cherry Street

    Macon, Georgia.;

Pursuant to Title 40 U.S.C. Sec.255 now codified at 40 U.S.C. Sec. 3112, or Art. 1 Sec.8, Cl. 17, of the uited States Constitution.

Please send applicable response as soon as possible.

Date February 6,2006.

Sincerely,

Arleigh Carrington-El



NAME _Allah Carrington-El_
REG# _84521-020_
UNITED STATES PENITENTIARY
P.O. BOX 5500
ADELANTO CA 92301

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**™

7004 1160 0003 0251 0132

20044+9390-30

Jacky Harvey, Paralegal specialist
Department of Justice
Environment & natural resources Divis
P.O. Box 4390
Ben Franklin Station
Washington, DC 20044

DOJ MAILROOM
BY:
DATE:

FEB 2 1 2006

X-RAYED

# Exhibit B

March 15,2006


Arleigh Carrington-EL

84529-020

Victorville USP

P.O.Box 5500

Adelanto, CA.[92301]


                              FOIA No: FOIA-2006-00004


Judy Harvey, Paralegal Specialist

Environment and Natural Resources Div.

Department of Justice

P.O.Box 4390

Ben Franklin Station

Washington, DC.20044-4390


Dear Judy Harvey,

    Please place this FOIA request in track one or two
pursuant to 5 U.S.C.  Sec. 552(a)(6)(E) of FOIA.

    I'm requesting a copy of "the United States Government's
Notice of Acceptance" accepting Legislative or Exclusive
jurisdiction ceded by the State of Georgia over the tracts of
Land located at:


    (1) 1752 Second Street
        Macon, Georgia. 31201
    (2) 2492 Hillside Drive
        Macon, Georgia. 31201

(3) 1638 Telfare Lane

    Macon, Georgia. 31201

(4) 707 Joe Louis Drive

    Perry, Georgia.

(5) Any building located on 300

    block of Astor Street

    Macon, Georgia

(6) 1769 Wren Avenue

    Macon, Georgia. 31204


    Again, I am requesting a copy of the United States
Government's Notice of Acceptance of Legislative or Exclusive
jurisdiction filed by the United States accepting said
jurisdiction over land herein ceded by the State of Georgia.
Also, any other information relevant to this request
regarding the cession of Exclusive or Legislative
jurisdiction by the State of Georgia which specifies or
mentions the type, manner or extent of jurisdiction ceded by
the State of Georgia over the lands herein.

    Pursuant to Title 40 U.S.C. 255 now codified at 40 U.S.C.
Sec. 3112, or Art. 1 Sec. 8, Cl. 17 of the United States
Constitution.


Date_____,____2006


              Sincerely requested,

              Arleigh    Carrington-EL



NAME
REG# 84562
UNITED STATES PENITENTIARY
P.O. BOX 5500-A
ADELANTO CA 92301

ENVIRONMENTAL AND NATURAL
RESOURCES DIVISION
USDOJ

2006 APR 11 AM 10: 27

X-RAYED
APR 11 2006
BY:
DOJ MAILROOM

20044453530 E021

CERTIFIED MAIL

7004 2890 0001 7175 4623

Judy Harvey paralegal specialist
Department of justice
Environment & natural Resources Div.
P.O. Box 23939 washington D.C.
washington, D.C. 20044 — 4590

Exhibit C





**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Law and Policy Section*
*P.O. Box 4390*
*Ben Franklin Station*
*Washington, DC 20044-4390*

*Telephone (202) 514-1442*
*Facsimile (202) 514-4231*

MAR 0 6 2006

Arleigh Carrington-El
Reg. 84529-020
U.S.P. Victorville
P.O. Box 5500
Adelento, CA 92301

FOIA No.: FOIA-2006-00004

Dear Mr. Carrington-El:

The Environment and Natural Resources Division received your Freedom of Information Act (FOIA) request on February 22, 2006 for records concerning federal legislative jurisdiction over land in Macon, Georgia.

Under the Department's FOIA regulations, found at 28 C.F.R. 16.3(c), by filing a FOIA request, you have agreed to pay all applicable costs up to $25.00. Our response letter will detail any fees owed as a result of your request; please do not send any payment now. If you need information on fee waiver criteria, believe you have met the requirements for a fee waiver, at 28 C.F.R. 16.11(k), or do not agree to pay fees up to $25.00, please contact us as soon as possible.

Please contact me at 202-514-0424 with any questions.

Sincerely,

Nadia Rhazi
Paralegal Specialist

Exhibit D



**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Law and Policy Section*
*P.O. Box 4390*
*Ben Franklin Station*
*Washington, DC 20044-4390*

*Telephone (202) 514-1442*
*Facsimile (202) 514-4231*

Arleigh Carrington-El
Reg. 84529-020
U.S.P. Victorville
P.O. Box 5500
Adelanto, CA 92301

APR 1 4 2006

FOIA No.: FOIA-2006-00058

Dear Mr. Carrington-El:

This letter responds to your Freedom of Information Act (FOIA) request for records concerning federal legislative jurisdiction over several tracts of land in Macon, Georgia. On February 22, 2006, the Environment and Natural Resources Division (ENRD) received your request concerning one address in Macon, Georgia. On April 11, 2006, we received a second request from you concerning federal legislative jurisdiction over six addresses in Macon, Georgia. Because your two requests are concerning the same subject matter, we have aggregated them together and are here responding to both. See 28 CFR 16.11(h).

We have conducted a search of this Division's files and have located no documents responsive to your requests. Please note that the presence or absence of the records you requested in this Division's files does not indicate the existence or non-existence of federal legislative jurisdiction over a site.

This determination may be appealed within sixty days of the date of this letter by writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, DC 20530-0001. You should clearly mark your envelope and letter: "Freedom of Information Appeal." See 28 C.F.R. 16.9(a) and 5 U.S.C. 552(a)(6)(A).

The cost of processing your request did not exceed our minimum billing threshold, so you will not be charged for this request.

If you need any further assistance, please contact Nadia Rhazi at (202) 514-0424.

Sincerely,

Pauline H. Milius
Chief

# Exhibit E



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAY 3 1 2006**

Mr. Arleigh Carrington-El
Register No. 84529-020
United States Penitentiary
P.O. Box 5500
Adelanto, CA 92301

      Re:  Request No. 2006-0058

Dear Mr. Carrington-El:

      This is to advise you that your administrative appeal from the action of the Environment and Natural Resources Division was received by this Office on May 22, 2006.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **06-2086**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                         Sincerely,

                         Priscilla Jones
                         Chief, Administrative Staff

ENRD



5/22/06

<del>06-2086</del>

06-2086    FOIA (A) ENRD

Arleigh Carriington-EL

84529-020

c/o P.O.Box 5500

Adelanto, California [923301]
    92301

FOIA No. FOIA-2006-00058

Co-Director,

Office of Information and Privacy

U.S. Department of Justice,

1425 New York Avenue, NW, Suite 11050

Washington D.C. 20530-0001

  Re: "FOIA No. FOIA-2006-00058

      FREEDOM OF INFORMATION ACT APPEAL

Date: May 10,2006

OFFICE OF INFORMATION
AND PRIVACY

MAY 2 2 2006

RECEIVED

Dear Co-Director:

    This appeal is in regards to the response I received on

April 19,2006, dated April, 14,2006 from Pauline H. Milus,

Chief of the U.S. Department of Justice, Enviroment and

Natural Resources Division.

    In a letters dated February 14,2006 and another dated

March 14,2006, I resquested specific documentations in re to

the "U.S. Government's Acceptance of legislative

jurisdiction" over the property located at the following

areas locations: (1) 433 Cherry Street, Macon Georgia; (2)

1752 Second Street Macon Georgia, 31204; (3) 2492 Hillside

Drive Macon, Georgia. 31201; (4) 1638 Telfare Lane, Macon Georgia, 31201; (5) 707 Joe Louis Drive, Perry, Georgia; (6) Any building located on the 300 Block of Astor Sreet, Macon, Georgia 31201; (7) 1769 Wren Avenue, Macon, Georgia 31204. pursuant to Title 40 U.S.C. §255.

According to Pauline H Milius Chief of the Office of Law and Policy  Section they have conducted a search of that Division's files and have located no documents responsive to my request." There is just no way that these documents can not be located. I am very much persuaded and have  compeling reasons to believe that these documents exist and are within the Environment and Natural Resources Division files. However, I am appealing that response and determination to this department with the belief that a more thorough search of the files will yield a favorable reply that is responsive to my request (40 U.S.C. § 255), and I am requesting full disclosure of said records to me forthwith.

Sincerely,

Arleigh Carrington_EL

Exhibit F



**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642

Washington, D.C. 20530

JUN 2 7 2006

Mr. Arleigh Carrington-El
Register No. 84529-020
United States Penitentiary
Post Office Box 5500
Adelanto, CA  92301

Re:    Appeal No. 06-2086
       Request No. 2006-00058
       KDC:ALB:CL

Dear Mr. Carrington-El:

You appealed from the action of the Environment and Natural Resources Division
(ENRD) on your request for access to records pertaining to the federal government's jurisdiction
over several addresses in Macon, Georgia.

After carefully considering your appeal, I am affirming ENRD's action on your request.
ENRD informed you that it could locate no responsive records in its files. I have determined that
ENRD's response was correct.

If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B.

Sincerely,

Daniel J. Metcalfe
Director